UTICA,
Aug. 1826.

Roosevelt
v.
Fulton.

**ROOSEVELT** *against* FULTON AND OTHERS, heirs of *Fulton.*

Matters properly inserted in a bill of exceptions, cannot be heard on non-enumerated motion; e. g. an objection that the plaintiff was proceeding in defiance of an injunction from the court of chancery.

On a plea of *riens per discent*, the venire need not be special.

Tho' there be several issues of fact the venire need not be special.

The venire *tam quam* applies only where there is a demurrer or default, as well as an inssue of fact.

IN covenant against the defendants, they pleaded *non infregit conventionem,* and *riens per discent.* To the latter plea the plaintiff replied that the defendants had sufficient lands by descent, &c. and issue. The award of the venire on the roll was in the common general form ; and the venire itself was in the same form ; commanding the sheriff to summon 12, &c. to make a jury, &c. between the parties in a plea of covenant, &c. without referring to the plea of *reins per discent,* or expressing the purpose to inquire into the value of the lands descended, according to the statute, (1 *R. L.* 317, *s.* 4.) An objection was made to the venire at the circuit, as irregular on that account ; but the judge overruled the objection ; nor was the value of the lands inquired of by the jury.

Several other objections were made by the defendant in the course of the trial ; and among others, that the plaintiff was going on with the trial in violation of an injunction which had issued from the court of chancery, enjoining him not to proceed against the defendants as to part of the moneys which he claimed in this suit ; and it was insisted that the plaintiff should not be allowed to claim before the jury the moneys thus enjoined ; but the judge overruled the objections ; and the defendants excepted. The bill of exceptions was settled, and the cause placed upon the calendar for argument upon that bill.

*C. Graham,* now moved to set aside the verdict for irregularity ; and cited 1 *Archb. Pr.* 156, 159 ; 1 *R. L.* 317 ; 2 *Archb. Pr.* 136-7 ; 1 *Wentw. Pl.* 43 ; 2 *Saund.* 7, *note.*

*J. I. Roosevelt,* contra, cited *Mitf.* 208 ; 2 *John. Rep.* 24, 181 ; *Phil. Ev.* 226 ; 1 *Munf.* 437 ; 3 *Cowen.* 622 ; *Coop. Plead.* 269 ; *Mitf.* 194 ; 1 *John. Rep.* 287 ; *Gilb. Ev.* 28 ; *Bull. N. P.* 232 ; 1 *Munf.* 394, 403 ; *Phil. Ev.* 231 ; *Hardr.* 472 ; *Rep. temp. Holt,* 134 ; 3 *Mod.* 141 ; 3

*East*, 365 ; 18 *John.* 352 ; 5 *Mass. Rep.* 181-2 ; *Milf.* 193 ; 1 *Esp. Rep.* 43 ; 4 *John. Ch. Rep.* 619 ; 1 *Ch. Pl.* 459 ; 7 *East*, 153 ; 8 *id.* 344 ; 10 *id.* 377 ; 2 *id.* 442 ; 4 *id.* 311 ; *Tidd*, 1022 ; 2 *Campb. Rep.* 396 ; 10 *East*, 38 ; 16 *id.* 39 ; 1 *Phil. Ev.* 237 ; 13 *John.* 139 ; 1 *John. Cas.* 436 ; 4 *John. Rep.* 510 ; 1 *Archb.* 159.

UTICA,
Aug. 1826.

Roosevelt
v.
Fulton.

*Curia.* The questions properly in the bill of exceptions can not be heard now. The only point which we can decide on non-enumerated motion, is, whether the venire was regular, being in the general form ; and we think it was. Because a jury are required by law to find any matter specially, it does not follow that the venire should contain that matter. Wherever there is an issue or issues of fact, the venire is general, "to make a jury between the parties, in such a plea, because they have put themselves upon that jury." This reaches every case except the single one cited from *Archbold* by the counsel, where there is a demurrer or default as well as an issue of fact. There the venire cannot say, generally, the parties have put themselves on a jury. This is only true of part. Hence the *venire tam quam*, which is almost the only exception. There are many other cases in which the jury are required to find specially, without any special venire. In replevin, they are required, if the distress was for rent, to inquire of two things ; the amount in arrear, and the value of the goods distrained. This, too, is by statute ; but a special venire was, we presume, never thought of in such a case.

Motion denied.